## HANSCHILD, Admr., v. STAFFORD.

Vendor and vendee: CONTRACT: FORFEITURE. Where, by the terms of a contract for the purchase of real estate, it is stipulated that a payment, made at the time, shall be forfeited, unless a future payment shall be promptly made when due, the vendee, after having failed to make such future payment, or tender the same, cannot recover back the first one, claimed by the vendor to be forfeited by reason of such failure on the part of the vendee.

*Appeal from Jackson District Court.*

THURSDAY, JULY 23.

VENDOR AND VENDEE : PAYMENT OF MONEY : FORFEITURE, ETC. — Action for $70, had and received by defendant for use of the plaintiffs, who are administrators of one Schrader, deceased. Answer to the merits, denying plaintiffs' right of recovery, and stating the contract under which the money sued for was received. See opinion. Jury trial, and under the instruction referred to in the opinion, there was a verdict for the plaintiff, and judgment accordingly. Defendant appeals.

*Charles Rich* for the appellant.

No appearance for appellee.

DILLON, Ch. J. — On the trial, the evidence introduced to the jury showed that Schrader, the plaintiff's intestate, in January, 1865, made with the defendant a verbal contract, for the purchase of a farm, including certain personal property, for the sum of $1,125. Schrader was to pay and did pay in hand $70, being the same money for the recovery of which this action is brought.

Schrader was to pay $100 on the 1st day of March, 1865, and the balance in future specified installments. On the payment of the $100 on the 1st day of March, 1865, the defendant was to make and deliver to Schrader a bond for a deed, and to deliver to him the personal property. It was alleged and proved that the contract expressly was "that in case Schrader failed to meet the first payment on the 1st of March, 1865, he was to forfeit the $70 paid down."

There was no evidence that Schrader or his administrator offered to pay the $100, on the 1st of March or at any time. It was proved that there was a place fixed for this payment, and that neither the plaintiffs nor their intestate (Schrader) appeared to make payment. There was no evidence that the defendant had ever rescinded the contract, or refused in any way to perform it on his part. The evidence that the $70 was to be forfeited if the $100 was not paid at the stipulated time, was undisputed. Under these circumstances "the court instructed the jury to find a verdict for the plaintiff in the sum of $70, and interest, on the ground that the defendant had not alleged or proved that he tendered, or had in readiness to do so, on the 1st day of March, 1865, a bond for a deed." The defendant excepted, the jury obeyed instructions and rendered a verdict for the plaintiff, upon which, after overruling a motion for a new trial, the court entered judgment.

This instruction is palpably erroneous. The first step under the contract was to be taken by Schrader. He was to pay the $100 on the 1st of March. He did not offer to pay it on that day, or at any time. He stood before the court as having violated the contract on his part. The defendant was not shown to have violated it. It did not appear that he had rescinded it, or disabled himself from performing it. He was not seeking to enforce it,

but was standing on the defensive. If the plaintiffs or their intestate had kept the contract, that is, had offered to pay the $100, and the defendant had broken the contract by not having the bond ready, the case which the court seemed to have in its contemplation would have been presented.

The judgment is reversed and the cause remanded for a new trial.

Reversed.